In re HARTWIG POULTRY, INC., Debtor.

HARTWIG POULTRY, INC., Plaintiff,

v.

KALMBACH FEEDS, INC., et al., Defendants.

Bankruptcy No. 83–0362.
Adv. No. 82–02227.

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 4, 1983.

John J. Hunter, Toledo, Ohio, for plaintiff.

John N. MacKay, Toledo, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion filed by the Defendant, St. Clair Mills, Inc. to Dismiss the Complaint for Lack of Subject Matter Jurisdiction.

## FACTS

The Debtor-In-Possession in this case is engaged in the business of processing live turkeys and preparing them for market. The Complaint in this adversary proceeding was filed by the Debtor-In-Possession and asserts two causes of action. The first cause alleges that the Defendant, Kalmbach Feed, Inc., breached a contract with the Debtor-In-Possession as a result of the Defendant's failure to provide the required number of turkeys for processing. The second cause of action alleges that the Defendant, St. Clair Mills, Inc., induced the aforementioned breach of contract in an effort to reduce the value of the Debtor-In-Possession's business. St. Clair Mills, Inc., has been a prospective purchaser of the Debtor's business for some time. The present motion includes a motion to dismiss, a motion to abstain, and a motion for a more definite statement. For the reasons set forth below, only the motion to dismiss will be addressed by this Opinion.

## LAW

The movant argues that based upon the decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this Court is not empowered to hear this case. Specifically, it argues that because these causes of action are founded on principles of law that exist independently of a proceeding in bankruptcy, this Court may not preside over the action because it does not have Article III standing. The Plaintiff opposes the Motion and argues that the Defendants have voluntarily submitted to the jurisdiction of this Court by virtue of their prior participation in the case and by the filing of their proofs of claim

As a result of the dilemma which exists as a result of the ruling in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* supra, the Courts have adopted an emergency or interim rule to handle the administration of bankruptcy cases. The use of this rule has been approved by the Circuit Court of Appeals for this Circuit, *see, White Motor Corp. v. Citibank N.A.,* 704 F.2d 254 (6th Cir.1983). It reads in pertinent part:

"(c) Reference to Bankruptcy Judges

(1) All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.

(2) The reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion or on timely motion by a party.

(d) Powers of Bankruptcy Judges

(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy ... could have been brought in a district court or a state court."

Under this rule the Bankruptcy Court may conduct all proceedings arising in or related to a case brought pursuant to Title 11 of the United States Code.

Upon the motion of a party, a proceeding may be removed to the District Court. These related proceedings are defined in the rule as proceedings that could have been brought by or against a party to the bankruptcy proceeding without necessarily requiring that the party be in bankruptcy. This definition addresses the types of actions which were permitted to be brought in the Bankruptcy Court under the provisions of 28 U.S.C. § 1478 prior to *Northern Pipeline.* The provision of the Interim Rule allowing for removal of such related civil actions provides the parties with the opportunity to have those related proceedings heard by an Article III court. The Interim Rule does not appear to contemplate that the Bankruptcy Court be divested of authority to hear those related proceedings, unless an objection is raised.

The allegations in the present complaint set forth causes of action for breach of contract and interference of contract. These are actions which arise from common law and tort law theories of liability. *See,* 17 Ohio Jur.3d *Contracts* § 262, 52 Ohio Jur.2d *Torts* § 13. They do not require the initiation of a bankruptcy case prior to their own commencement. Accordingly, they would be the type of actions that fall within the scope of Interim Rule (d)(3)(A) and

which may be removed to the District Court upon request.

The Defendant's motion asks that this Court dismiss this action on the grounds that it does not have subject matter jurisdiction. A review of 28 U.S.C. § 1478, as it was applied prior to *Northern Pipeline,* finds that civil actions involving a debtor may be brought in the Bankruptcy Court for adjudication. The Interim Rule continues that ability until an action is removed to the District Court based upon a proper objection to jurisdiction or the existence of a demand under Interim Rule (d)(1).

As previously discussed, this case is one which should be removed now that an objection has been raised. It should not be dismissed based upon the absence of subject matter jurisdiction. Subject matter jurisdiction addresses a Court's authority to entertain an action. The absence of subject matter jurisdiction only results from the lack of Article III status, not as a result of the nature of the action. The provisions of the Interim Rule give the parties the opportunity to have the case heard before an Article III Court, thereby giving the parties that which they lacked in the Bankruptcy Court. In this respect there is no lack of subject matter jurisdiction. Since this Court is allowed to hear this case until an objection is raised, and inasmuch as the Interim Rule only provides for removal upon objection, dismissal would be improper.

The movant argues that the District Court is not entitled to hear this action since there is no substantial federal question or diversity of citizenship as required by 28 U.S.C. §§ 1331 and 1332. However, dismissal on those grounds would require certain factual determinations which, in the absence of subject matter jurisdiction, this Court is not permitted to make. It is even unclear whether jurisdiction under 28 U.S.C. §§ 1331 and 1332 would be required in order for a District Court to hear a case brought in the Bankruptcy Court under the auspices of 28 U.S.C. § 1478 and removed pursuant to the Interim Rule. However, that question is not before this Court and a decision thereon would be improper.

The Plaintiff argues that the Defendants have submitted to the jurisdiction of this Court as a result of their participation in the case up until this time. While such action may constitute a concession of personal jurisdiction, it does not forfeit their right to have the action litigated before a Court vested with proper constitutional authority. In addition, it is axiomatic that parties to an action cannot consent to subject matter jurisdiction where none exists.

Therefore, it must be concluded that this action is a related proceeding as defined by Interim Rule (d)(3)(A) and that it should be transferred to the District Court for further proceedings. In reaching this conclusion this Court has considered all the arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that this adversary proceeding be, and it is hereby, transferred to the United States District Court, for the Northern District of Ohio, Western Division.